DOMENGEAUX, Judge.
Leroy Albert brought suit against Dr. Tuncay Ertan for damages alleging that the physician submitted a false medical report to the Social Security Administration. After the plaintiff presented evidence at trial, the trial court dismissed his suit. From that judgment the plaintiff perfects this appeal.
In May of 1980, Mr. Albert applied for disability benefits from the Social Security Administration on the grounds that he had been disabled as a result of a stroke suffered on April 20, 1980. He argues that these benefits were denied because of Doctor Ertan’s medical report which stated that Mr. Albert had no localized neurological deficits. Mr. Albert claimed that he was entitled to damages under La.C.C. Art. 2315 which states, “Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” He sought $75,000.00 for embarrassment and humiliation, and $75,000.00 for worry and anxiety, a total of $150,000.00.
In order to recover for negligent misrepresentation under Article 2315 of the Louisiana Civil Code there must be a legal duty on the part of the defendant to supply correct information; there must be a breach of that duty; and the breach must have caused damage to the plaintiff. Devore v. Hobart Manufacturing Company, 367 So.2d 836 (La.1979). It is clear that the doctor had the duty to provide correct information to the Social Security Administration at the request of the Disability Determinations Center. The only issues to be addressed involve the breach of that duty and the damages.
Whether or not Doctor Ertan breached his duty to supply correct information would depend on the validity of his medical report which read as follows:
“The cranial nerves are intact. There is no localized neurological deficit. The deep and sensory is normal.”
Mr. Albert claims that the physician did not perform an examination of deep tendon reflexes which was referred to in the report and which would have revealed remnants of the stroke. That test involved tapping the patient on the knee, and according to Mr. Albert, Doctor Ertan did not touch him below the neck. On the other hand, Doctor Ertan, a specialist in internal medicine with a subspecialty in pulmonary diseases, stated that although he did not recall the details of the medical examination of Mr. Albert, he is certain that he performed a neurological examination which revealed no neurological residual or localized deficit. The medical report indicates that the physician’s staff conducted various tests; Doctor Ertan then obtained a medical history from the patient, and thoroughly examined Mr. Albert, concentrating specifically on his cranial nerves, *243 balance, motor functions, and sensory reflexes. The medical report substantiates Doctor Ertan’s evaluation of Mr. Albert.
For further consideration of the validity of Doctor Ertan’s examination, the plaintiff’s conflicting testimony was supplemented with reports of other doctors who examined Mr. Albert after his alleged stroke. Dr. Charles H. Van Oppen, attending physician at the Veterans Administration Hospital who treated plaintiff during the relevant time period, found a mild weakness of the right arm and leg with decreased sensation as evidence of a possible cerebral vasospasm or transient ischemic attack, i.e., a shortage of oxygen supply, but also found that the deep tendon reflexes were physiological and symetrical which indicates that plaintiff probably did not suffer a cerebral vascular attack or stroke. On the other hand, Dr. D.H. Texada, Jr., a neurologist, found that the deep tendon reflexes were increased in the right arm and leg because of a mild cerebral vascular accident or stroke. Another neurologist, Dr. John Olson, stated that a “neurological consultation suggested that the patient had a left middle cerebral artery syndrome.”
According to Dr. Geoffrey Bergman, Mr. Albert’s podiatrist, the patient’s knee brace and the severity of the “patellar reflex” on his right side indicated that he still suffered from the residuals of the stroke. Dr. Douglas L. Gamburg, an orthopedic surgeon, stated, “The spasticity in the right upper and lower extremities are consistent with his history of a stroke.”
The report by Dr. T.E. Banks, another orthopedic surgeon, concluded:
“I see no connection between his diagnosis of a cerebral vasospasm [a temporary vascular spasm resulting in decreased blood circulation to part of the brain] and problems with his right lower extremity except possibly his present status is a residual of that.”
According to Dr. Brian C. McCann, a family practitioner, although Mr. Albert did have some neurological damage, he definitely exaggerated the weakness in his right extremities and attempted to disguise the strength values in his hand.
The trial court found that some of the evidence admitted established that other physicians conduct more thorough physical examinations while searching for neurological problems. The Court further found that Doctor Ertan’s neurological finding did not coincide with the findings of some of the other physicians involved. However, the evidence supports that all of the physicians who examined Mr. Albert rendered varied opinions as to the nature and extent of plaintiff’s neurological problems. Doctor Van Oppen, Doctor Texada, Doctor Olson, and Doctor McCann tested the deep tendon reflexes which Doctor Ertan may or may not have examined. Although all the doctors except Doctor Ertan found neurological deficits or residuals of the alleged stroke, as the trial court stated, “from the evidence presented in this case the Court cannot conclude that defendant’s examination and report amounted to negligence.” The trial court, thus, correctly found no breach of duty since the evidence was insufficient to show that the medical report was false.
In addition to finding no breach of duty the trial court held that the plaintiff was “not damaged in any way by defendant’s acts or omissions.” In his petition Mr. Albert alleged that Doctor Ertan’s report had injured him by encouraging the Social Security Administration to deny him benefits. This denial, however, was not solely due to Doctor Ertan’s medical examination. The Social Security Administration’s report explicitly stated that the refusal of benefits was based on “all medical findings” and that the claimant failed to establish disability.
The trial court further noted that Mr. Albert did not offer any proof of his alleged damages. He did not maintain his burden of proof, nor did he establish a causal connection between defendant’s acts and his injuries with any certainty.
Although we do not necessarily consider this pertinent to the decision, nevertheless the trial court noticed that there was no *244 evidence that Mr. Albert had exhausted all of his appeals from the adverse decision related to this claim for the social security disability benefits.
Since the trial court found no breach of duty and no damages suffered, it dismissed the plaintiffs suit. Findings of no breach of duty and no damages involve factual determinations which will not be disturbed on appeal absent manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Steele v. St. Paul Fire & Marine Insurance Co., 371 So.2d 843 (La.App. 3rd Cir.1979), writ denied, 374 So.2d 658 (La.1979). In this case there was no manifest error. A review of the patient’s testimony and doctors’ reports reveal that there was not sufficient evidence to show that Doctor Ertan had submitted a false medical report or to show that Mr. Albert had been damaged as a result of Doctor Ertan’s actions. The only proof presented pertaining to Doctor Ertan’s alleged negligence was the conflicting medical reports and Mr. Albert’s own self-serving testimony that Doctor Ertan failed to perform an examination of the deep tendon reflexes.
For the above and foregoing reasons the trial court’s decision to dismiss plaintiff’s suit is affirmed. Costs are assessed against plaintiff-appellant, Leroy Albert.
AFFIRMED.